**CHUNHONG HAN, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 13-71894

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Chunhong Han, Pro Se .

Samuel P. Go, Senior Litigation Counsel, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, OIL, Matthew Allan Spurlock, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Chunhong Han, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We do not consider the materials Han references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (court's review is limited to the administrative record).

We lack jurisdiction to consider Han's contention regarding China's "exit laws," because she did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the BIA's conclusion that Han failed to demonstrate the harm she experienced in China rose to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (evidence did not compel the conclusion that petitioner suffered past persecution). Substantial evidence also supports the BIA's conclusion that Han did not establish a well-founded fear of future persecution. *See id.* at 1022 (petitioner did not "present compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, her asylum claim fails.

In this case, because Han failed to establish eligibility for asylum, she did not satisfy the standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the BIA's denial of CAT relief because Han failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the Chinese government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

Kate Deboer Balaban, Esquire, Trial Attorney, Gary J. Newkirk, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.